PYNCHON
v.
BREWSTER.

Rec. 1766.
Fol. 83.

Indebitatus
Aſſumpſit lies
for Phyſi-
cians' At-
tendance,
Travel and
Drugs.
In Indebita-
tus Aſſumpſit
the Plaintiff
may recover
a leſs Sum
than that laid
in the Decla-
ration.

Pynchon, Executor, verſ. Brewſter.

INDEBITATUS *Aſſumpſit* upon a long Doctor's Bill for Medicines, Travel into the Country and Attendance.

In this Caſe it was ſtrongly urged by *Mr. Adams* for the Defendant, that this Action lay not, but that a *Quantum Meruit* ſhould have been brought; and he relyed much on the Caſe of *Richards & Tyler*, tried laſt Auguſt Term, *q. v.* p. 195.

But the *Chief Juſtice* ſaid, that Boarding and Schooling were uncertain as to Price, and a *Quantum Meruit* muſt be brought; but that Travel for Phyſicians, their Drugs and Attendance, had as fixed a Price as Goods ſold by a Shopkeeper, and that it would be a great Hardſhip upon Phyſicians to oblige them to lay a *Quantum Meruit*. And the *Chief Juſtice*, who alone ſummed up this Caſe to the Jury, ſaid that the Cuſtom here had always been in ſuch Caſes to lay an *Indebitatus Aſſumpſit*,[*] though in

[*] *Qu.* and vid. 2 Vol. p. 113, *Dr. Holden* vs. *Day*. *Qu.* Where is the true Boundary Line between an *Indebitatus Aſſumpſit*, and a *Quantum Meruit*, on this Side the Water?

in England it would not do; and *that the Jury might, upon an Indebitatus Aſſumpſit, if they thought it reaſonable, leſſen the Charges in the Account.* This was ſolemnly affirmed by all the five Judges, in the Courſe of this Debate, to be Law here; though it was not, in Great Britain.*

The Jury did, according as the Law was laid down to them, and ſtruck off about £7 from the Account, lowering the Charges, probably, to what they thought "*reaſonable.*"

* The Reſolution in this Caſe was denied to be Law by the whole Court, *Ch. Juſt. abſente*, in the Caſe of *Leteſtu & Glover*, Auguſt Term, 1770. (1)

---

(1) We find a report of the caſe of *Glover* v. *Le Teſtue* among John Adams's papers, as follows :

"*Glover* vs. *Le Teſtue*, Aug. 1770.

"*Indebitatus Aſſumpſit* for Viſits and Medicines. The Queſtion "whether *Indebitatus* will lie, or *Quantum meruit ?* — Ans. *Indebitatus* "will not, becauſe no Contract for a certain Price for the Viſits or "Druggs. 2 *Inſtructor Cler.* 162, 'if one ſue upon a Promiſe to ſatisfye "him for Work done, he muſt ſhew in his Declaration how much he de- 'ſerved for his Work.' So if one ſue for a Thing ſold, where no Price "was agreed upon, he muſt aver, and ſhew it to be worth ſo much.

"2 *Inſtructor Cler.* 151. Aſſumpſit for Wines ſold and delivered — "Note in the Margin. 'On this Count (*Ind. Aſs.*,) the Plaintiff muſt "prove the expreſs Price agreed on.' — Page 152. Note in the Margin. "'But on this Count (*Quant. Mer.*) the Delivery only is ſufficient.'

"1 Salk 23, *Hard's Caſe.* *Indebitatus Aſſumpſit* will lie in no Caſe, "but where Debt lies, &c. But ſee 1 Burrows, 374, *Harris* vs. *Hunt-* "*bach.* 2 Burrows, 1006, *Moſes* vs. *Macfarlan*, page 1008 — Ld. Manſ- "field. 'The firſt Objection is, yᵗ an Action of Debt would not lie here ; "and no aſſumpſit will lie where an Action of Debt may not be brought. "Some ſayings at *Niſi Prius* reported by Note-Takers, who did not un- "derſtand the Force of what was ſaid, are quoted in Support of that "Propoſition. But there is no Foundation for it,' &c., An Action of "Aſſumpſit will lie in many Caſes where Debt lies, and in many where "it does not lie.' *Slade's Caſe*, 4 Co. 92.

"1 Fitzherb.

**1766.**

**GLOVER**
*v.*
**LE TESTUE.**

" 1 Fitzherb. 119. ' A Writ of Debt properly lieth where a Man " oweth another *a certain Sum of Money* by Obligation or by Bargain for " a Thing ſold, or by Contraɕt, or upon a Loan made by yᵉ Creditor to " yᵉ Debtor,' &c.

" 1 Mod. Ent. 299. There are two Sorts of Promiſes, expreſs or " implied,— an expreſs Promiſe is where a Perſon promiſes, yᵗ he will " pay a Sum of Money, &c.

" At the Bottom, 5,— ' An implied Promiſe is ſuch as is raiſed by Im- " plication of Law upon the Nature of the Caſe, as where a Man ſells, and " delivers Goods to another, tho' he cannot prove an expreſs Promiſe to " pay for them ; and where the Price is not of aſcertained Value between " the Parties, yᵉ Law implies that the Defendant promiſed to pay for " ſuch Goods, ſo much as they were worth ; So if a Man ſets another to " Work, and no Price is agreed, nor any expreſs Promiſe to pay, the " Law implies that the Perſon who ſet the Man to work contraɕted with " him and promiſed to pay him ſo much as he deſerved.'

" *The Court unanimouſly adjudged*, that *Indebitatus Aſſumpſit* would " not lie upon the Account in this Caſe, neither for Viſits, Bleeding nor " Medicines, but allowed Plaintiff to file a new Declaration on *Quantum* " *Meruit* on Payment of Coſts.

" A Tender may be pleaded to a *Quantum Meruit.* 5 Bac. Abr. 27. " 1 Str. 576, *Johnſon* vs. *Lancaſter*."

A declaration on an implied promiſe " is ſaid to be in *general aſſump-* *ſit :* which is either *indebitatus aſſumpſit*, wherein the plaintiff generally ſtates that the defendant being indebted in a certain ſpecific ſum promiſed to pay that ſum, or upon a *quantum meruit* or *quantum valebant*." Lawes on Pleading in Aſſumpſit, 2. And it was formerly held that under the former count, only the exaɕt ſum laid could be recovered, be- cauſe otherwiſe " the ſame aſſumpſit was not found that the plaintiff did declare upon." *Bagnal* v. *Sacheverell*, Cro. Eliz. 292. But in *Thomp-* *ſon* v. *Spencer*, 8 Geo. 3, it was held that the plaintiff might in ſuch caſe recover what was juſtly due. Id. (5th ed.) *in notis.* It would appear therefore that the deciſion in *Pynchon* v. *Brewſter* was in accordance with the law of England, when overruled, in 1770, though not when made in 1765.